**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **FERE HABTE ZEKARIAS,** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **KATRINA KANE, IMMIGRATION** ) <br> **AND CUSTOMS ENFORCEMENT,** ) <br> **DEPARTMENT OF HOMELAND** ) <br> **SECURITY,** ) <br> ) <br> Respondents. ) <br> _____ ) | CIV 08-01215 PHX JAT (MEA) <br><br> REPORT AND RECOMMENDATION |

**TO THE HONORABLE JAMES A. TEILBORG:**

Mr. Fere Zekarias ("Petitioner"), filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 42 U.S.C. § 2241 on June 30, 2008, asserting his continued detention by Respondents pending his removal from the United States violated United States law and his constitutional rights. At that time, Petitioner was confined in Respondents' custody in Eloy, Arizona. Respondents filed a Suggestion of Mootness on August 11, 2008, asserting the petition for relief is now moot because Petitioner has been released from detention under an order of supervision. See Docket No. 10.

**1.   Procedural History**

Petitioner asserts he was taken into ICE custody on September 21, 2007, and ordered removed to Eritrea on November

29, 2007.  <u>See</u> Petition at 8 & Docket No. 10, Attach.  The habeas petition was signed on June 16, 2008.  <u>See</u> Petition.

In their suggestion of mootness, Respondents aver that Petitioner was released from detention under an Order of Supervision signed by Petitioner on June 27, 2008.  <u>See</u> Docket No. 10.  The Order of Supervision indicates an address for Petitioner in California.  <u>Id.</u>, Attach.

**2. Analysis**

Respondents present evidence to the Court that Petitioner was released from detention.  Because the petition for habeas relief attacks only Petitioner's continued detention, the petition is now moot.  The case-or-controversy requirement of Article III, § 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit."  <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54 (1990) (internal quotations omitted).  If it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot.  <u>See</u> <u>Picrin-Peron v. Rison</u>, 930 F.2d 773, 775 (9th Cir. 1991); <u>Abdala v. I.N.S.</u>, 488 F.3d 1061, 1065 (9th Cir. 2007); <u>Picrin-Peron</u>, 930 F.2d at 775; <u>Ferry v. Gonzales</u>, 457 F.3d 1117, 1132 (10th Cir. 2006); <u>Soliman v. United States</u>, 296 F.3d 1237, 1243 (11th Cir. 2002).

**IT IS THEREFORE RECOMMENDED** that Mr. Zekarias' Petition for Writ of Habeas Corpus be **dismissed with prejudice as moot**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of

appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 13th day of August, 2008.

_____
Mark E. Aspey
United States Magistrate Judge